```
                     UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK

In re:                              :
                                         Docket #24cr0082
 UNITED STATES OF AMERICA,          :

                    Plaintiff,      :

   - against -                      :

 RODRIGUEZ, KEONNE,                 : New York, New York
                                      April 29, 2024
                    Defendant.      :

------------------------------------ :

                        PROCEEDINGS BEFORE
                 THE HONORABLE BARBARA MOSES,
                 UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          UNITED STATES ATTORNEY'S OFFICE
                        BY:  DAVID FELTON, ESQ.
                             ANDREW CHAN, ESQ.
                        One St. Andrew's Plaza
                        New York, New York 10007

For Defendant:          KOBRE & KIM LLP
                        BY:  SEAN BUCKLEY, ESQ.
                             MICHAEL KEILTY, ESQ.
                        800 Third Avenue, 6th Floor
                        New York, New York 1001




Transcription Service:  Carole Ludwig, Transcription Services
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

<u>**INDEX**</u>

## **E X A M I N A T I O N S**

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-Direct**</u> | <u>**Re-Cross**</u> |
|---|---|---|---|---|
| None | | | | |

## **E X H I B I T S**

| <u>**Exhibit Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir Dire**</u> |
|---|---|---|---|---|
| None | | | | |

```
1                          PROCEEDINGS                    3
2              THE CLERK:  The Court now calls case, United
3    States of America v. Keonne Rodriguez, case number
4    24cr82.  Counsel, please make your appearances for the
5    record.
6              THE COURT:  Gentlemen.
7              MR. DAVID FELTON:  Good afternoon, Your Honor,
8    David Felton and Andrew Chan for the Government.
9              MR. SEAN BUCKLEY:  Good afternoon, Your Honor,
10   Sean Buckley and Michael Keilty on behalf of Mr.
11   Rodriguez who is present at counsel table.
12             THE COURT:  Counsel, you may be seated.  Mr.
13   Rodriguez, I am Magistrate Judge Moses.  For the record
14   and not because I have any doubts on the matter, please
15   confirm that you speak and understand English.
16             MR. KEONNE RODRIGUEZ:  I do.
17             THE COURT:  Thank you.  May I have the date and
18   time of the defendant's arrest please.
19             MR. FELTON:  Yes, Your Honor, April 24 at
20   approximately 6 a.m. in the Western District of
21   Pennsylvania.  This is the defendant's first appearance
22   in this district.
23             THE COURT:  All right, and he was presented to
24   a magistrate judge in Pennsylvania, bail conditions were
25   set, including that the defendant present himself here.
```

1                           PROCEEDINGS                    4

2   Correct?

3           MR. FELTON:  Yes, Your Honor.

4           THE COURT:  All right, so the purpose of

5   today's proceeding, Mr. Rodriguez, is to advise you of

6   certain rights that you have, to inform you of the

7   charges against you, to consider whether counsel should

8   be appointed for you here in New York, and to decide

9   under what conditions, if any, you shall be released

10  pending trial.  Portions of today's proceeding may sound

11  familiar to you because you had a similar proceeding in

12  Pennsylvania.

13          I'll begin by explaining some of your

14  constitutional rights.  You have the right to remain

15  silent.  You are not required to make any statements.

16  Even if you've already made statements to law

17  enforcement authorities, you do not need to make any

18  more statements.  Any statements that you do make can be

19  used against you.

20          You have the right to be released either

21  conditionally or unconditionally pending trial unless I

22  find that there are no conditions that would reasonably

23  assure your presence at future court appearances and the

24  safety of the community.

25          If you are a foreign national, you have the

```
 1                         PROCEEDINGS                5
 2   right to request that a consular officer from your
 3   country of origin be notified of your arrest.  In some
 4   cases, a treaty or other agreement may require the U.S.
 5   to give that notice whether you ask for it or not.
 6            You have the right to be represented by counsel
 7   during all court proceedings, including this one, and
 8   during any questioning by the authorities.  You cannot
 9   afford an attorney, I will appoint one today to
10   represent you.  But I understand that counsel who are
11   with you today are retained, and there is no
12   application.  Is that correct?
13            MR. BUCKLEY:  That's correct, Your Honor.
14            THE COURT:  Okay.  So let me turn my attention
15   now to the charging instrument in this case, a seal
16   superseding indictment.  Has this matter been referred
17   for arraignment or for present and bail only?
18            MR. FELTON:  For arraignment as well, Your
19   Honor.
20            THE COURT:  Okay.  So I have a copy of the seal
21   superseding indictment here with me.  We're having some
22   electronic interference here.  Let's see what's going
23   on.
24            (pause in proceeding)
25            THE COURT:  Ms. Kay, I'm just testing my
```

```
 1                        PROCEEDINGS                    6

 2   microphone now.  Are we getting normal sound levels?

 3           THE CLERK:  Yes, Your Honor.

 4           THE COURT:  All right, I don't know what she

 5   did, but she seems to have fixed it.  So as I was

 6   saying, I have a copy of the sealed superseding

 7   indictment here.  I see that in count 1 you are charged

 8   with conspiracy to commit money-laundering in violation

 9   of 18 U.S.C. § 1956(h).  We will pause again for a

10   moment for electronic interference.  What did you do

11   last time, Ms. Kay?

12           THE CLERK:  (inaudible)

13           (off/on the record)

14           (pause in proceeding)

15           THE COURT:  All right, we're going to have to

16   take a brief recess because I don't feel that we are

17   making an accurate audio transcript with all of this

18   noise and static coming over the system.  So we will

19   stand in recess for hopefully just a few minutes until

20   we get our technical difficulties addressed.

21           (Whereupon a recess is taken.)

22           THE CLERK:  We're now on the record.

23           THE COURT:  All right, we're back on the

24   record.  I'm told we have a member of our A/V staff – do

25   we have a member of our A/V staff present?  Excellent.
```

1                          PROCEEDINGS                    7

2  Standing by in case of continued technical difficulties.

3            As I was saying, I have a copy of the sealed

4  superseding indictment with me here at the bench.  I see

5  that Mr. Rodriguez is charged 1 with conspiracy to

6  commit money-laundering which is a violation of Title 18

7  of the United States, Section 1956(h).  Mr. Rodriguez is

8  charged in count 2 with conspiracy to operate an

9  unlicensed money transmitting business which is a

10  violation of 18 U.S.C. § 371.  Counsel, have you

11  reviewed the indictment with your client and do you

12  waive a detailed public reading?

13            MR. BUCKLEY:  Yes, Your Honor, we have reviewed

14  it, and we waive the public reading.

15            THE COURT:  All right, Mr. Rodriguez, are you

16  prepared to enter a plea to the indictment at this time?

17            MR. RODRIGUEZ:  Yes, Your Honor.

18            THE COURT:  What is your plea?

19            MR. RODRIGUEZ:  Not guilty.

20            THE COURT:  A plea of not guilty will be

21  entered, and the record should reflect that the

22  defendant has now been arraigned.  I will take this

23  opportunity in accordance with Rule 5(f) of the Federal

24  Rules of Criminal Procedure to direct the prosecution to

25  comply with its obligation under Brady v. Maryland and

PROCEEDINGS                    8

1
2    its progeny to disclose to the defense all information
3    whether admissible or not that is favorable to the
4    defendant, material either to guilt or to punishment and
5    known to the prosecution.  Possible consequences for
6    noncompliance may include dismissal of individual
7    charges or the entire case, exclusion of evidence,
8    and/or court sanctions or discipline upon the attorneys
9    involved.
10            I will be entering a written order more fully
11   describing this obligation and the possible consequences
12   of failing to meet it, and I will direct the U.S.
13   Attorney's Office to review and comply with that order.
14   Does your Office confirm that it understands these
15   obligations and will comply with them?
16            MR. FELTON:  Yes, Your Honor.  We understand
17   and we will comply.
18            THE COURT:  Thank you.  Let me sign that order
19   before I forget to.
20            (pause in proceeding)
21            THE COURT:  Ms. Kay.  Has the district judge
22   set a conference date?
23            MR. FELTON:  Yes, Your Honor, we will appear
24   before Judge Berman May 14 at 2 p.m.
25            THE COURT:  May 14, 2 p.m., in Judge Berman's

PROCEEDINGS                          9

1

2   courtroom.  Is there a request to exclude time?

3              MR. FELTON:  Yes, Your Honor.  We'd submit that

4   under 18 U.S.C. § 3161(h)(7)(A) that it's in the

5   interest of justice to exclude time under the Speedy

6   Trial Act until May 14 so that the parties can confer

7   regarding a protective order so that they can discuss a

8   potential pretrial resolution.

9              THE COURT:  That's the end of the sentence?

10             MR. FELTON:  Yes, Your Honor.

11             THE COURT:  Okay.

12             MR. FELTON:  And we submit that exclusion would

13  be in the interest of justice.

14             THE COURT:  All right, is there any objection

15  from the defense?

16             MR. MIRVIS:  No objection, Your Honor.

17             THE COURT:  All right.  At the request of the

18  Government and with no objection from the defendant, I

19  will exclude time through May 14, and I find that the

20  ends of justice served by taking such action outweigh

21  the interest of the public and the defendant in a speedy

22  trial.

23             Now, let us discuss conditions of relief,

24  release - excuse me.  I am told that counsel have

25  conferred on this matter, and there is at least partial

```
 1                        PROCEEDINGS              10
 2   agreement.  Am I correctly informed?
 3            MR. FELTON:  Your Honor, the parties have
 4   conferred, and we actually have a proposed package for
 5   the Court's consideration in full.
 6            THE COURT:  All right, let me hear it from the
 7   top please and don't just say the things they did in
 8   Pennsylvania or the things that Pretrial recommends.
 9   Tell me everything.
10            MR. FELTON:  Understood, Your Honor.  The bond
11   amount is $1 million.  It is to be secured by real
12   property in Pennsylvania, specifically 610 Wood Street.
13            THE COURT:  That's the defendant's residence?
14            MR. FELTON:  That's the residence, it's owned
15   by the defendant's wife, Your Honor.
16            THE COURT:  And what's the town again in
17   Pennsylvania?
18            MR. FELTON:  In Harmony, Pennsylvania.
19            THE COURT:  Harmony.
20            MR. FELTON:  It is the (indiscernible) Services
21   Report.
22            THE COURT:  Right.
23            MR. FELTON:  And the zip code is 16037.
24            THE COURT:  16037?
25            MR. FELTON:  Yes, Your Honor.
```

```
 1                        PROCEEDINGS                11
 2            THE COURT:  All right, and that is owned by Mr.
 3   Rodriguez's spouse, and she's willing to put it up --
 4            MR. FELTON:  Yes, Your Honor.
 5            THE COURT:  -- for the bond.  And is there
 6   enough equity in the house to cover the bond?
 7            MR. FELTON:  There is not, so there will also
 8   be cosigners.
 9            THE COURT:  Okay.
10            MR. FELTON:  And we have two cosigners, one of
11   whom is the defendant's wife and the other be either the
12   defendant's father or father-in-law.
13            THE COURT:  You haven't finished interviewing
14   them yet?
15            MR. FELTON:  We have not, Your Honor.
16            THE COURT:  All right.
17            MR. FELTON:  Pretrial supervision as directed.
18            THE COURT:  Will that be Pretrial here or
19   Pretrial in Pennsylvania?  If the defendant's planning
20   on living in the home in Wood Street.
21            MR. FELTON:  Pennsylvania, Your Honor.
22            THE COURT:  Okay.
23            MR. FELTON:  The travel restrictions would be
24   Western District of Pennsylvania and S.D.N.Y. and
25   E.D.N.Y.
```

```
 1                          PROCEEDINGS              12

 2          THE COURT:  And points in between for travel

 3  purposes only?

 4          MR. FELTON:  Yes, Your Honor.

 5          THE COURT:  All right.

 6          MR. FELTON:  Surrender travel docs, no new

 7  applications.

 8          THE COURT:  It's my understanding that the

 9  passports which were surrendered when he was initially

10  arrested, is that right, counsel?

11          MR. MIRVIS:  That's correct, Your Honor.

12          THE COURT:   Go ahead.

13          MR. FELTON:  Home incarceration.

14          THE COURT:  Home incarceration?  All right.

15          MR. FELTON:  Enforced by GPS.

16          THE COURT:  Do you want to say GPS or do you

17  want to say location monitoring as directed by Pretrial

18  in the Western District.  They often have views on

19  what's the appropriate for of electronic --

20          MR. FELTON:  Your Honor, he already has a GPS

21  on him, and I think in this case a GPS would be

22  appropriate.

23          THE COURT:  Let me check with our Pretrial

24  Services officer today.  The fact that somebody has an

25  ankle bracelet on does that mean one specific thing?
```

1                            PROCEEDINGS                    13

2              PRETRIAL SERVICES OFFICER:  No.  So for home

3    incarceration he wouldn't be allowed to go anyway.  So

4    the GPS would kind of be irrelevant in that case.

5              THE COURT:  You would instead have some sort of

6    location monitoring where, if he stepped out the door,

7    an alarm would blare – I'm speaking metaphorically –

8    you'd get some notice?

9              PRETRIAL SERVICES OFFICER:  Radiofrequency, or

10   RF.

11             THE COURT:  It would be RF.  Does that change

12   your view, counsel?  I don't want to keep the man in an

13   ankle bracelet in the shower and everything if he

14   doesn't need one.

15             MR. FELTON:  If he's on home incarceration,

16   Your Honor, we're okay with RF, with the radiofrequency.

17             THE COURT:  So how about location monitoring

18   technology as directed by Pretrial Services?  They're

19   the experts in this area.

20             MR. FELTON:  That's fine with the Government.

21   Again, provided it's home incarceration.

22             THE COURT:  All right, I'm with you so far.

23   What else?

24             MR. FELTON:  With respect to employment

25   restrictions, he will no longer operate Samourai.

```
 1                        PROCEEDINGS                14
 2              THE COURT:  No longer operate, be employed by,
 3    or work for --
 4              MR. FELTON:  Yes, Your Honor.
 5              THE COURT:  -- Samourai?  It's S, it's spelled
 6    in a weird way, right, S-A --
 7              MR. FELTON:  There's an O-U --
 8              THE COURT:  Samourai, okay.
 9              MR. FELTON:  And he will not engage in
10    cryptocurrency transactions without prior approval from
11    Pretrial Services and the Government.
12              THE COURT:  No cryptocurrency transactions.
13    You probably want to say directly or indirectly.
14              MR. FELTON:  Yes, Your Honor.
15              THE COURT:  Without prior approval of PTS or
16    your office.
17              MR. FELTON:  Both, Your Honor.
18              THE COURT:  Prior approval of Government and
19    PTS.  What else?
20              MR. FELTON:  I'll read aloud the recommended
21    conditions 4 and 5 from the Pretrial Services report.
22    Number 4 is no contact with codefendants unless in the
23    presence of counsel.
24              THE COURT:  There's only one codefendant, is
25    that right, at present?
```

```
 1                        PROCEEDINGS               15

 2            MR. FELTON:  Yes, Your Honor.

 3            THE COURT:  No contact with codefendant except

 4   in the presence of counsel.

 5            MR. FELTON:  And recommended condition number

 6   5, refrain from opening new lines of credit and bank

 7   accounts without prior approval from Pretrial Services.

 8            THE COURT:  All right, no new lines of credit

 9   or bank accounts, that includes credit and debit cards,

10   without prior approval of PTS.  All right.

11            MR. FELTON:  And he can be released on the

12   signature, shall meet all conditions with one exception

13   within 72 hours.

14            THE COURT:  And the exception is?

15            MR. FELTON:  The securing the property in

16   Pennsylvania.  He has until May 14, the date of the

17   appearance before Judge Berman.

18            THE COURT:  Well, they may not, I don't know if

19   they can set up the - well, 72 hours, three days.  They

20   should be able to set up the electronic monitoring in

21   three days, correct?

22            PRETRIAL SERVICES OFFICER:  (inaudible)

23            THE COURT:  I know, but you missed the

24   discussion that we had earlier that they might want to

25   put him on RF because it's going to be home
```

1                          PROCEEDINGS                    16

2   incarceration.

3              PRETRIAL SERVICES OFFICER:  We'll do that

4   before he leaves.

5              THE COURT:  Okay.  So 72 hours won't be a

6   problem.  And May 14 for the cosigners and the lien on

7   the property.

8              MR. FELTON:  So the cosigners we would request

9   within the 72 hours and May 14 would be just the

10  property, confession of judgment.

11             THE COURT:  Okay, I got it.  Anything else?

12  There's a firearm condition in place at present.  Do you

13  want to continue that?

14             MR. FELTON:  Certainly, Your Honor.

15             THE COURT:  Guns have to stay out of the house.

16  Anything further from the Government?

17             MR. FELTON:  No, Your Honor.

18             THE COURT:  Anything the defense wishes to

19  clarify or add to with respect to conditions of release?

20             MR. MIRVIS:  No, Your Honor, I would just note

21  that Mr. Rodriguez's wife is here today as well and is

22  prepared to sign the bond.

23             THE COURT:  Excellent.  All right, that will

24  help move things along.  Let me ask the Government this

25  question first.  What if anything are you doing to

1                          PROCEEDINGS                    17

2   secure the cryptocurrency wallet?

3            MR. FELTON:  I'm sorry, Your Honor, with

4   respect to the cryptocurrency wallet?

5            THE COURT:  My understanding is that this

6   defendant possesses cryptocurrency in an unknown amount.

7   Normally, in a case such as this, the Government takes

8   steps to make sure it doesn't go anywhere.

9            MR. FELTON:  So at this point, we understand

10  it's with defense counsel in California and that --

11           THE COURT:  Which is not the lawyers who are

12  here today, correct?

13           MR. MIRVIS:  That's correct, Your Honor.

14           THE COURT:  Okay.

15           MR. FELTON:  And --

16           THE COURT:  And the Government --

17           (interposing)

18           MR. FELTON:  -- we do have the condition of --

19           THE COURT:  -- is content with that?

20           MR. FELTON:  -- as the Court, as we mentioned

21  to the Court, that the defendant shall not engage in

22  cryptocurrency transactions without prior approval from

23  Pretrial and the Government.  At this time, those are

24  the steps we've taken with respect to --

25           THE COURT:  Which means that one of the bail

```
 1                         PROCEEDINGS              18
 2  conditions essentially is that the crypto remains with
 3  counsel and doesn't get moved elsewhere.  Is that how
 4  you're putting two and two together?
 5            MR. FELTON:  Yes, Your Honor, thank you.
 6            THE COURT:  And, counsel, is that your
 7  understanding as well?
 8            MR. MIRVIS:  Yes, Your Honor.
 9            THE COURT:  Okay, so anything further with
10  respect to bail conditions from either the Government or
11  defendant's counsel?
12            MR. FELTON:  No, Your Honor, thank you.
13            MR. MIRVIS:  No, Judge.
14            THE COURT:  All right.  Let me just run through
15  those conditions for you all in one piece, Mr.
16  Rodriguez.  I am going to release you on the conditions
17  that we've been discussing, after my review of the file
18  and, of course, the presentation made by counsel.  You
19  will sign a bond in the amount of $1 million.  The bond
20  must be cosigned by two financially responsible persons.
21  The candidates at present, as I understand it, are your
22  wife, your father, and your father-in-law.  Do I
23  remember that correctly?
24            MR. FELTON:  Yes, Your Honor.
25            THE COURT:  But they must be acceptable to the
```

```
 1                          PROCEEDINGS                    19
 2   U.S. Attorney's Office for the Southern District of New
 3   York.  Additionally, in your case the bond must be
 4   secured by real estate, specifically by the property
 5   owned by your wife at 610 Wood Street, Harmony,
 6   Pennsylvania 16037.  Your travel will be restricted to
 7   the Southern and Eastern Districts of New York.  We
 8   throw in the Eastern District because that's where the
 9   airports are.  And the Western District of Pennsylvania,
10   points in between only for purposes of travel.
11            To the extent you still possess any passports
12   or other travel documents, you must surrender them.  And
13   you may make no new application for a passport or other
14   international travel document while you are subject to
15   these terms of release.
16            You will be supervised by Pretrial Services as
17   they deem appropriate.  You will reside at 610 Wood
18   Street where you'll be subject to home incarceration
19   which is a fairly strict form of pretrial restriction.
20   There's not very much other than coming to court that
21   you will be permitted to leave the home to do.  And your
22   service of home incarceration will be enforced by
23   location monitoring technology as directed by Pretrial
24   Services.
25            You are not to possess any firearms,
```

1                          PROCEEDINGS                    20

2   destructive devices, or other weapons, which means no

3   such weapons are permitted in the home.  Even if they

4   are legally owned, they have to be out of the house for

5   purposes of your pretrial detention.

6              You are not permitted to operate or perform

7   services on behalf of Samourai.  You are not permitted

8   to engage in any cryptocurrency transactions directly or

9   indirectly without the prior, that is to say advance,

10  approval of both Pretrial Services and the United States

11  Attorney's Office.  You are to have no contact with your

12  codefendant except in the presence of counsel.  And you

13  are not to open any new lines of credit including, for

14  example, loans, bank accounts, and credit and debit

15  cards without the prior approval of Pretrial Services.

16             You will be released on your own signature

17  which means you will be released today.  You have until

18  May 14 to comply with the conditions of your release

19  relating to the property at 610 Wood Street.  You have

20  72 hours from today, which is to say until 2:30 in the

21  afternoon on Thursday, to comply with the remaining

22  conditions of your pretrial release such as, for

23  example, getting the bond cosigned by the two

24  financially responsible persons.  Do you understand what

25  I have told you?

```
 1                        PROCEEDINGS                    21

 2            MR. RODRIGUEZ:  Yes, Your Honor.

 3            THE COURT:  All right.  Let me warn you that if

 4  you fail to appear in court when due or if you violate

 5  any of the conditions of your release, even if you think

 6  that they're pesky and petty and you don't think they're

 7  important, the Government has a history of thinking that

 8  all of the conditions of release are important.  So if

 9  you violate any of the conditions of your release, a

10  warrant will be issued for your arrest.  You and the

11  cosigners of the bond can each be made responsible for

12  paying its full amount.  Everybody is putting a million

13  dollars at risk when they sign that bond.  And you can

14  be charged with a separate crime known as bail-jumping.

15            In addition, if you were to commit a criminal

16  offense while you are subject to these release

17  conditions in this case, then in addition to whatever

18  sentence you would ordinarily get for that new offense,

19  you will be sentenced to an additional term of

20  imprisonment which could be up to ten years if the new

21  offense is a felony.  It could be up to one year if the

22  new offense is a misdemeanor.  And this term of

23  imprisonment will be executed after and on top of any

24  other sentence of imprisonment is completed.  Do you

25  understand what I have told you?
```

```
 1                        PROCEEDINGS                    22

 2            MR. RODRIGUEZ:  Yes, Your Honor.

 3            THE COURT:  Is there anything further from the

 4   Government?

 5            MR. FELTON:  No, Your Honor, thank you.

 6            THE COURT:  Anything further from the defense?

 7            MR. MIRVIS:  No, Judge, thank you.

 8            THE COURT:  Thank you all very much.  We'll be

 9   adjourned.

10            (Whereupon, the matter is adjourned.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                                                                23

2

3                       C E R T I F I C A T E

4

5          I, Carole Ludwig, certify that the foregoing

6    transcript of proceedings in the case of U.S. v.

7    RODRIGUEZ, Docket #24cr0082, was prepared using digital

8    transcription software and is a true and accurate record

9    of the proceedings.

10

11

12

13   Signature_____

14                   Carole Ludwig

15   Date:    May 29, 2024

16

17

18

19

20

21

22

23

24

25