



Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
United States of America

+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

25 Cannon Street
London EC4M 5UB
UK
+44 20 7184 7000 Main
+44 20 7184 7001 Fax
DX 30 London
www.dechert.com

**ROGER BURLINGAME**
*Partner*

Roger.Burlingame@dechert.com
+44 20 7184 7333 Direct
+44 20 7184 7001 Fax
+1 212 641 5682 Direct
+1 212 698 3599 Fax

**By ECF**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007

**Re: *United States v. Keonne Rodriguez and William Hill*, No. 24 Cr. 82 (RMB)**

Dear Judge Berman,

The Government recently disclosed that on August 23, 2023 – six months prior to the filing of charges in this case – senior representatives of the U.S. Treasury Department's Financial Crime Enforcement Network ("FinCEN"), told prosecutors that under FinCEN's guidance, the Samourai Wallet app would not qualify as a "Money Services Business" requiring a FinCEN license. Shockingly, six months later, the same prosecutors criminally charged Keonne Rodriguez and William Hill with operating just such a business without a FinCEN license. The prosecutors then suppressed this information for over a year, disclosing it only on April 1, 2025, in response to a specific *Brady* request. On behalf of Defendants William Hill and Keonne Rodriguez, we respectfully request a hearing to determine the circumstances surrounding the Government's late disclosure of *Brady* information and the appropriate remedy.

On April 7, 2025, less than a week after the Government's startling and late *Brady* disclosure, Deputy Attorney General Todd Blanche issued a memorandum entitled "Ending Regulation by Prosecution" (the "Blanche Memo").[1] It stated that "[t]he Justice Department will no longer pursue litigation or enforcement actions that have the effect of superimposing regulatory frameworks on digital assets while President Trump's actual regulators do this work outside the punitive criminal justice framework." Blanche Memo at 1. More specifically, the Justice Department will no longer bring criminal charges against "tumbling and mixing services" for licensing violations or for the acts of their users – the sole conduct charged here. *Id.*

As the Court is aware, the Defendants asked the Government to dismiss the charges under the Blanche Memo on April 10, 2025. Nearly a full month later, however, the Government has yet to dismiss this case, even though it is hard to imagine a clearer example of "regulation by

[1] Memorandum from the Deputy Attorney General to All Department Employees (Apr. 7, 2025) (on file at https://www.justice.gov/dag/media/1395781/dl?inline).

Case 1:24-cr-00082-RMB Document 87 Filed 05/06/25 Page 2 of 8

prosecution" than what we have here: The relevant regulator telling the prosecutors that Samourai Wallet was not a money transmitter – under the same public guidance that Mr. Rodriguez and Mr. Hill relied on to guide their conduct – and the prosecutors going ahead and indicting them for operating an unlicensed money services business anyway.

The *Brady* material suppressed by the Government in this case is not collateral and it is not ambiguous. It goes to the very heart of the case and to the very heart of the issue addressed in the Blanche Memo. As the Court knows, this prosecution has been controversial from the start, with two sitting U.S. Senators from different parties both decrying it – more than 11 months before the Blanche Memo – as an egregious example of "regulation by prosecution."[2] The controversy stems from the fact that FinCEN, the principal regulator in this space, had previously issued guidance indicating that the type of non-custodial software that powered the Defendants' business would not be considered a "money services business" that required (i) a license and (ii) procedures designed to detect and prevent money laundering.[3] Recognizing both the unfairness of these prosecutions and their chilling effect on software developers, the crypto industry, too, has loudly protested the Justice Department's interpretation of the law.[4] It is simply inconceivable in these circumstances that prosecutors failed to recognize that their prior communication with FinCEN was important exculpatory evidence that should have been disclosed immediately after the charges were filed.

In addition, this Court entered two separate orders in this case, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, ordering the Government to disclose *Brady* material to the defense "promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case." Order, ECF No. 11, Apr. 29, 2024 (Moses, M.J.); Order, ECF No. 36, July 9, 2024 (Netburn, M.J.). These orders make clear that the failure to disclose such evidence in a timely manner may result in a variety of remedies, including dismissal of charges.

This Court's individual practices also emphasize the importance of prompt disclosure of *Brady* material. In particular, Section 5(C)(2)(a) requires that "*Brady* Material known to the Government at the time of Indictment – other than [*Giglio* Material] – must be produced to defense counsel no later than two weeks following the date of the filing of the indictment, regardless of whether or not the parties are engaged in plea discussions." The sealed superseding indictment was filed on February 14, 2024, and unsealed on April 24, 2024,

---

[2] Letter from Sen. Cynthia M. Lummis & Sen. Ron Wyden to Merrick Garland, Attorney General of the United States (May 9, 2024) (on file at ECF No. 32-1).

[3] *See* FinCEN Administrative Ruling, FIN-2014-R001, Application of FinCEN Regulations to Virtual Currency Mining Operations (Jan. 30, 2014); FinCEN Guidance, FIN-2019-G001, Application of FinCEN's Regulations to Certain Business Models Involving Convertible Virtual Currencies (May 9, 2019).

[4] *See, e.g.*, Letter from DeFi Education Fund's Coalition of Decentralized Finance Companies to Congress (Mar. 26, 2025) (on file at https://www.defieducationfund.org/_files/ugd/84ba66_903d8c40e59a422e81b3abe393ca9536.pdf); Letter DeFi Education Fund's Coalition of Decentralized Finance Companies to Hon. David Sacks, White House AI and Crypto Czar (Apr. 7, 2025) (on file at https://www.defieducationfund.org/_files/ugd/84ba66_0cbce4d374bb48e5bd2911e0ed211ecf.pdf).

making the deadline for disclosure of *Brady* material known to the Government at the time of the indictment no later than May 8, 2024.

Instead, nearly a year later, on April 1, 2025, in response to a specific *Brady* request for "[a]ny information suggesting that Samourai Wallet did not require a money transmitter license or that the Defendants did not believe that it required such a license, including but not limited to communications with the Treasury Department or FinCEN," the Government finally disclosed, for the first time, that the prosecutors had discussed Samourai Wallet with senior officials at FinCEN on August 23, 2023 – six months before the return of the indictment, and nearly 20 months prior to the disclosure. In the disclosure, the prosecutors reported that, during the call, FinCEN informed them that, under FinCEN's guidance, the fact that Samourai Wallet did not take custody of cryptocurrency would "strongly suggest" that they were not a money transmitter. The prosecutors' disclosure reads:

> [The line prosecutors] had a phone call with Kevin O'Connor (Chief of FinCEN's Virtual Assets and Emerging Technology Section in the Enforcement and Compliance Division) and Lorena Valente (then an employee in FinCEN's Policy Division) on or about August 23, 2023. The AUSAs generally explained to FinCEN representatives their understanding of how Samourai operates, including Samourai's claims that it does not take 'custody' of any cryptocurrency because it does not possess the private keys to any addresses where the cryptocurrency is stored. The FinCEN representatives were not able to predict whether FinCEN's Policy Committee would find whether Samourai would qualify as a Money Services Business ('MSB') under FinCEN's regulations. The FinCEN representatives stated that FinCEN's guidance has generally focused on custody of cryptocurrency in the question of determining whether an entity is acting as an MSB, and arguments about functional control have not been addressed in FinCEN's guidance. As a result, under FinCEN's guidance, a mixer like Samourai that does not take custody of the cryptocurrency by possessing the private keys would strongly suggest that Samourai is not acting as an MSB. Ultimately, the FinCEN representatives did not have a view of what FinCEN would decide if this question were presented to the FinCEN policy committee.

In a recently produced email summarizing the call to his supervisors, one of the prosecutors was more to the point, stating:

> Just to give you a quick update on Samourai [redacted from produced email] . . . Separately, we also just had a call with Kevin O'Connor (FinCen Investigator) and Lorena Valente (FinCen Policy Person) to get their take on the Samourai fact pattern. Their view was that the FinCen guidance has generally focused on custody of cryptocurrency in the question of determining whether an entity is acting as a [money services business]. Because Samourai does not take 'custody' of the cryptocurrency by possessing the private keys to any addresses where the cryptocurrency is stored, that would strongly suggest that Samourai is NOT (emphasis in the original) acting as an MSB. They acknowledged that we could make arguments about functional control of the cryptocurrency, but that has never been addressed in the guidance, and so it could be a difficult argument for us. Ultimately, they did not have a sense of

> what FinCen would decide if this question were presented to their FinCen policy committees.

Email to CFU and MLOC Chiefs (Aug. 23, 2023, 12:39 PM EST) (attached hereto at Exhibit A) (emphasis added).

The Government's failure to disclose the prosecutors' August 23, 2023, consultation with FinCEN has already prejudiced the Defendants. For instance, the fact that the regulator issuing licenses for money transmitting businesses did not believe Samourai Wallet needed one could well have impacted (i) the Magistrate Judge's view of the strength of the Government's case in making bail determinations that have confined Mr. Rodriguez to his home for nearly a year and cut both Defendants off from funds that could be used to mount their defense; and (ii) this Court's decision not to permit the Defendants to file a motion to dismiss immediately following their arraignments.[5]

If the prosecutors were to resist the Blanche Memo's directive and push forward, the Defendants would shortly file a motion to dismiss this case on several grounds, including that they were not a money transmitter (and lacked fair notice), and that they understood they were acting lawfully. It follows that if they were not money transmitters under FinCEN's guidance, then they could not possibly be prosecuted for not having a license and not implementing anti-money laundering controls. But even if the Justice Department's interpretation of the law – and not the principal regulator's – was correct, the Defendants would still be entitled to dismissal for lack of fair notice. Instead, they have spent a year of their lives under indictment and huge portions of their life savings defending themselves against these fundamentally unfair charges.

Defendants' arguments are not an *ex post facto* attempt to reframe their conduct and to distort the significance of this *Brady* information. The Defendants made myriad contemporaneous public statements – years prior to their arrests – explaining why they were not a money transmitter under FinCEN's published guidance. For instance, on July 12, 2021, Mr. Rodriguez discussed Samourai Wallet on a podcast:

> The legal situation at least in the US, is that CoinJoin is legal. There's nothing illegal about it. Users are entirely entitled to use this type of tool. It's just a collaborative transaction. It gets iffy if you're providing CoinJoin services, and you're taking custody, then you're a money transmitter and you better have a money transmission license.[6]

And, again, on January 30, 2022, Mr. Rodriguez discussed the FinCEN guidance publicly:

> The regulatory environment by and large, the regulatory agencies that matter in the U.S., we're talking about FinCEN, Treasury, have been very clear, and it is

[5] The Government's delayed disclosure raises the question of whether Judge Failla would have considered the arguments differently in *United States v. Roman Storm*, No. 23-CR-430 (S.D.N.Y.), where she denied a defense motion to dismiss on the grounds that Tornado Cash did not require a license. Order on Mot. To Dismiss, *Storm*, No. 23-CR-430, ECF No. 84.

[6] Monero Talk, *Samourai Wallet on Monero*, (Jul. 12, 2021), https://www.monerotalk.live/samourai-wallet-on-monero.



Case 1:24-cr-00082-RMB Document 86 Filed 05/05/25 Page 5 of 7

> not an aggressive message at all towards wallet developers, especially non-custodial ones. If you are going by these agencies, the overall for non-custodial wallet software developers … Is not a bad place at all right now … We aren't transmitting money. This is the opinion of our attorneys as well. We don't believe it would be required of us. If it was required, we would much rather move jurisdictions. We would rather dissolve, and US people would have to be blocked, and the entity moved somewhere else.[7]

In other words, Samourai Wallet stated publicly that they were not a money transmitting business because they did not take custody of any Bitcoin and were not required to obtain a license from FinCEN according to their attorney. The fact that FinCEN took the same position regarding Samourai Wallet and conveyed it to these same prosecutors, and that the prosecutors nonetheless charged the Defendants with committing a crime is shocking.

On April 30, 2025, Defendants demanded that the Government produce evidence concerning its *Brady* disclosure, including evidence relating to the reasons why it was not disclosed earlier. On May 2, 2025, the Government produced certain emails from August 2023 concerning its call with FinCEN, including the one cited above and attached at Exhibit A. But the prosecutors declined to provide any information about the decision not to disclose the evidence, the timing of the eventual disclosure, or any explanation for why this evidence had been suppressed for over a year. The Defendants accordingly request a hearing to determine the circumstances surrounding the Government's late disclosure of *Brady* information and the appropriate remedy.

Respectfully submitted,

*/s/ Roger A. Burlingame*
Roger A. Burlingame
Matthew L. Mazur
Jeffrey A. Brown

Attachment

cc (by ECF): All counsel of record

---

[7] Proof of Decentralization with Chris Blec, *Samourai Wallet*, (Jan. 30, 2022), https://podcasters.spotify.com/pod/show/proof-of-decentralization/episodes/Samourai-Wallet-e1dm1sn.

Case 1:24-cr-00082-RMB Document 86 Filed 05/05/25 Page 6 of 7

# Exhibit A

**From:** Chan, Andrew (USANYS)
**To:** Ravi, Sagar (USANYS); LaMorte, Tara (USANYS); Feinstein, Jessica (USANYS); Felton, David (USANYS); Reilly, Katherine (USANYS) 1
**Subject:** RE: Samourai
**Date:** Wednesday, August 23, 2023 12:39:44 PM
**Attachments:** [redacted]

Hi CFU/MLOC Chiefs –

Just to give you a quick update on Samourai [redacted]

Separately, we also just had a call with Kevin O'Connor (FinCen Investigator) and Lorena Valente (FinCen Policy Person) to get their take on the Samourai fact pattern. Their view was that the FinCen guidance has generally focused on custody of cryptocurrency in the question of determining whether an entity is acting as a MSB. Because Samourai does not take "custody" of the cryptocurrency by possessing the private keys to any addresses where the cryptocurrency is stored, that would strongly suggest that Samourai is NOT acting as an MSB. They acknowledged that we could make arguments about functional control of the cryptocurrency, but that has never been addressed in the guidance, and so it could be a difficult argument for us. Ultimately, they did not have a sense of what FinCen would decide if this question were presented to their FinCen policy committee. [redacted]

-Andrew

[redacted]

Govt to respond by 5/9/25.
(NOON)

SO ORDERED:
Date: 5/6/25

Richard M. Berman

Richard M. Berman, U.S.D.J.