

**ROGER BURLINGAME**, Dechert
*Partner*

+44 20 7184 7333  Direct
+44 20 7184 7001  Fax
+1 212 641 5682  Direct
+1 212 698 3599  Fax
Roger.Burlingame@dechert.com

**MICHAEL KROUSE, Arnold & Porter**
*Partner*

+1 212.836.7750 Direct
Michael.Krouse@arnoldporter.com

May 29, 2025

**BY ECF**

The Honorable Richard M. Berman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 17B
New York, NY 10007

   **Re:** *United States v. Keonne Rodriguez and William Hill*, **No. 24 Cr. 82 (RMB)**

Dear Judge Berman:

Defendants William Hill and Keonne Rodriguez respectfully move this Court for an order (i) compelling the Government to disclose further information concerning the circumstances surrounding its April 1, 2025, disclosure of a call that had taken place on August 23, 2023, involving prosecutors and employees of the U.S. Treasury Department's Financial Crimes Enforcement Network ("FinCEN"), and (ii) for a hearing to determine the circumstances of the late disclosure of *Brady* information and the appropriate remedy.

The parties have already briefed this motion.  *See* ECF No. 86 (Defendants' letter motion); ECF No. 88 (Government's response); ECF No. 89 (Defendants' reply).  Without ruling on the issue, the Court directed the Defendants to raise it in their pretrial motions.  *See* ECF No. 90.  We therefore renew our *Brady* motion at this time.

The Court's individual practices make clear that evidence favorable to the defense that is known to the Government at the time of the indictment must be disclosed to the defense within two weeks, whether the Defendants have asked for it or not.  Where the Government fails to comply with its *Brady* obligations, "the Court, in addition to ordering the production of the information, may (1) specify the terms and conditions of such production; (2) grant a continuance; (3) impose evidentiary sanctions; (4) impose sanctions on any responsible



lawyer for the Government; (5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or (6) enter any other order that is just under the circumstances." Individual Practices of Hon. Richard M. Berman, at p. 6. In this case, two separate Court orders under Rule 5(f) also reiterated the need to disclose *Brady* information as soon as it is discovered on pain of a range of possible sanctions. *See* ECF No. 11 at 2-3; ECF No. 36 at 2-3.

Because the Government has refused to provide any explanation whatsoever for the year-long delay in disclosing its August 23, 2023, call with FinCEN, the Court should compel the Government to disclose any communications relating to the decision whether and when to disclose the call. The Court should then hold a hearing to determine the circumstances of the late disclosure and the appropriate remedy.

In addition, the Government's disclosures concerning the August 23, 2023, call with FinCEN refer to an "initial discussion back in May." The Government has declined to disclose any information concerning this prior call on the basis that it did not relate to Samourai Wallet. But that makes no difference. Whether it related to Samourai Wallet or not, the May call was apparently sufficiently related to the subsequent August call to qualify as an "initial discussion." If the earlier call had anything to do with the definition of a money transmitter, the requirements imposed on money transmitters, or the application of the regulations to cryptocurrency businesses, the Government should be required to disclose it.

Similarly, the Government has redacted certain communications from the documents it has disclosed relating to the August 23, 2023, call with FinCEN on the ground that they are either privileged or "not responsive" to the Defendants' requests. Again, the inclusion of the redacted information within the discussion of the FinCEN call, strongly suggests that the communications are related and should therefore be disclosed. We therefore respectfully request that the Court review the documents *in camera* and order disclosure of any non-privileged information.

Respectfully submitted,                    Respectfully submitted,

*/s/ Roger A. Burlingame*                  */s/ Michael Kim Krouse*
Roger A. Burlingame                        Michael Kim Krouse


Attachment

cc:   All other counsel of record (by ECF)